**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| EBONY THAMES,<br><br>                    **PLAINTIFF,**<br><br>**V.**<br><br>**BALLY'S WILD WILD WEST CASINO, BALLY'S ATLANTIC CITY, LLC, CAESARS ENTERTAINMENT, INC., JOHN DOE 1-5 (fictitious defendants), XYZ PARTNERSHIPS 1-5, XYZ LLCs 1-5, and XYZ CORPORATIONS 1-5 (fictitious corporate defendants),**<br><br>                  **DEFENDANTS.** | **CASE NO.  1:21-CV-1876** |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441, Petitioners, Bally's Park Place, LLC d/b/a Bally's Atlantic City (incorrectly sued as Bally's Wild Wild West Casino and Bally's Atlantic City, LLC) and Caesars Entertainment, Inc. (hereinafter collectively "Movants"), by and through its counsel, Reilly, McDevitt & Henrich P.C., hereby removes the above-captioned state court action, currently pending in the Superior Court of New Jersey, Law Division, Atlantic County, to the United States District Court for the District of New Jersey.  In support of removal, Movants respectfully state as follows:

**BACKGROUND**

1. Ebony Thames ("Plaintiff") filed an action on or about January 4, 2021, Case No. ATL-L-000008-21, in the Atlantic County Superior Court (the "State Court Action"), asserting a personal injury cause of action. See a true and correct copy of Plaintiff's Complaint, attached hereto as Exhibit "A."

2. The Complaint avers that Plaintiff's alleged injuries were caused by a hazard located at Bally's Atlantic City located at 2100 Pacific Avenue, Atlantic City, New Jersey, on or about April 7, 2019. See Exhibit "A" at ¶ 1.

3. Specifically, Plaintiff alleges she was caused to fall off of the roof of Bally's Atlantic City as a result of an allegedly defective condition, particularly Plaintiff alleges that the roof contained either a low railing, or no railing. See Exhibit "A" at ¶¶ 5-6.

4. Plaintiff's Complaint asserts a negligence and dram shop cause of action against Movants and John Does. See Exhibit "A".

5. Plaintiff's Complaint did not plead a specific monetary amount of damages. See Exhibit "A".

6. Pursuant to New Jersey Court Rule 4:5-2, on or about February 2, 2021 the undersigned requested that Plaintiff provide a written statement of the amount of damages claimed. See a true and correct copy of the February 2, 2021 correspondence attached hereto as Exhibit "B".

7. On that same date, counsel for Plaintiff responded to the request for a written statement of the amount of damages claimed in this litigation and advised that "the amount in controversy significantly exceeds $75,000.00". See a true and correct copy of Plaintiff's response to the request for a written statement of the amount of damages claims attached hereto as Exhibit "C".

8. Thirty (30) days from service of Plaintiff's statement of damages will be March 4, 2021.

9. Upon Movants' information and belief, no further proceedings have occurred in the State Court Action.

## BASIS FOR REMOVAL

10. Movants have a statutory right to remove cases based upon diversity of citizenship. 28 U.S.C. § 1332.

11. Specifically, 28 U.S.C. § 1332 provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between-- (1) Citizens of different States . . . ."

12. Upon information and belief, Movants' state that diversity of citizenship exists between the parties in controversy as follows:

    a. At the commencement of this action and the filing of the Complaint, upon information and belief, Plaintiff was a citizen of the State of New York, residing at 10635 159th St., Apt 1E, Jamaica Queens, New York 11433.

    b. Bally's Park Place LLC is a citizen of the State of Delaware and the State of Nevada. Specifically, Bally's Park Place LLC is held by Caesars Holding, Inc. as sole member. Caesars Holding, Inc. was and is a corporation incorporated under the laws of the State of Delaware, with its principal place of business located in Nevada.

    c. Caesars Entertainment Inc. is a citizen of the State of Delaware and the State of Nevada. Specifically, Caesars Entertainment Inc. is held by Caesars Holding, Inc. as sole member. Caesars Holding, Inc. was and is a corporation incorporated under the laws of the State of Delaware, with its principal place of business located in Nevada.

    d. The Defendant Bally's Wild Wild West Casino is not a valid entity.

13. Plaintiff claims that Movants' negligence resulted in Plaintiff sustaining physical injury as well as other damages. See Exhibit "A".

14. Plaintiff seeks to recover in excess of $75,000, exclusive of interest and costs, in this matter, as Plaintiff has indicated in her response to the request for the statement of damages.  See Exhibit "C".

15. The thirty-day period for removal is triggered when Defendant first learns that the matter is removable. See Vartanian v. Terzian, 960 F.Supp. 58, 62 (D.N.J 1997); Nero v. Amtrak, 714 F. Supp. 753 (E.D. Pa. 1989); Presidential Dev. & Inv. Corp. v. Travelers Ins. Co., 1989 U.S. Dist. LEXIS 14499, CIV. A. No. 89-6278, 1989 WL 147616 (E.D. Pa. Dec. 5, 1989); Moore v. City of Philadelphia, 1988 U.S. Dist. LEXIS 4339, CIV. A. No. 88-1424, 1988 WL 50382 (E.D. May 16, 1988), appeal dismissed, 865 F.2d 251 (3d Cir. 1988)).

16. Here, the thirty-day period for removal was not triggered until Plaintiff provided a representation of the value of the damages on February 2, 2021. See, Vartanian v. Terzian, 960 F.Supp. 58, 62 (D.N.J 1997).

17. Here, the thirty-day period for removal was not triggered until Movant was served with the response for the request for the statement of damages on February 2, 2021.

18. In the instant case, Plaintiff's Complaint does not plead a specific monetary amount, but Plaintiff indicated that "the amount in controversy significantly exceeds $75,000.00." See Exhibit "C".

19. Movants filed this Notice of Removal within thirty (30) days of receiving Plaintiff's response to the request for the statement of damages.

20. Therefore, this Court may properly remove the State Court Action based on diversity

jurisdiction.

21. This Notice of Removal was not filed more than one year after commencement of the action.  28 U.S.C. § 1446(b).

22. The United States District Court for the District of New Jersey has jurisdiction over this action pursuant to 28 U.S.C. § 1332 by reason of diversity jurisdiction of Plaintiff and Movants as set forth with greater particularity above.

23. Venue properly lies with this Court pursuant to 28 U.S.C. § 1441(a) and 1446(a), as this action is presently pending in the Superior Court of New Jersey, Law Division, Atlantic County, located within the District of New Jersey.

24. In the interest of judicial economy and the fair adjudication of claims brought before the Court, Movants seek removal to this Court.

25. A written notice of the filing of this Notice of Removal has been given to all parties in accordance with as required by 28 U.S.C. §1446(d).

26. Promptly after filing in this court and the assignment of a civil action number, a true and correct copy of this Notice of Removal will be filed with the Clerk of Court for the Superior Court of New Jersey, Law Division, Atlantic County, as required by U.S.C. § 1446(d).  A copy of the notice to be provided to the Superior Court is attached hereto as Exhibit "D."

**WHEREFORE**, Movants, Bally's Park Place LLC d/b/a Bally's Atlantic City and Caesars Entertainment, Inc., respectfully request that it may affect the removal of this action from the Superior Court of New Jersey, Law Division, Atlantic County to the United States District Court of New Jersey.

Respectfully submitted,

**REILLY, MCDEVITT & HENRICH, P.C.**

By: __ /s/ *Tracey McDevitt Hagan*
   Tracy McDevitt Hagan
   Attorneys for Defendants,
   Bally's Park Place LLC and
   Caesars Entertainment, Inc.

## <u>CERTIFICATION</u>

I certify that a true copy of the Plaintiff's Complaint filed in the Superior Court of New Jersey, County of Atlantic is attached hereto as Exhibit "A."  A copy of Defendants' Demand for a Statement of Damages is attached as Exhibit "B".  A copy of Plaintiff's Response to Defendants' Statement of Damages is attached as Exhibit "C". A copy of the notice to be provided to the Superior Court is attached hereto as Exhibit "D." A copy of all pleadings, process, and orders served on Bally's as required by 28 U.S.C. § 1446(a), are attached as Exhibit "E".

Respectfully submitted,

**REILLY, MCDEVITT & HENRICH, P.C.**

By: __ /s/ *Tracey McDevitt Hagan*
         Tracey McDevitt Hagan
         Attorneys for Defendants,
         Bally's Park Place LLC and
         Caesars Entertainment, Inc.

Dated:  2/4/2021

## CERTIFICATE OF SERVICE AND FILING

I, Tracey McDevitt Hagan, Esquire, attorney for Defendants, Bally's Park Place LLC d/b/a Bally's Atlantic City (incorrectly sued as Bally's Wild Wild West Casino and Bally's Atlantic City, LLC) and Caesars Entertainment, Inc., hereby certify that I served a true copy of the foregoing Notice of Removal via United States Regular mail on this date to the parties listed below:

**Plaintiff Counsel**
David T. Wright, Esquire
The Wright Law Firm, LLC
928 N. Main Street
Manahawkin, NJ 08050

By: __ /s/ _Tracey McDevitt Hagan_
        Tracey McDevitt Hagan
        Attorneys for Defendants,
        Bally's Park Place LLC and
        Caesars Entertainment, Inc.

Dated:  2/4/2021

EXHIBIT "A"

David T. Wright, Esq.
The Wright Law Firm, LLC
928 N. Main Street
Manahawkin, New Jersey 08050
(609) 759-2500
Attorney ID: 013642008
Attorney For: Plaintiff

| | |
|---|---|
| EBONY THAMES<br><br>                                   Plaintiff,<br><br>                        vs.<br><br>BALLY'S WILD WILD WEST CASINO, BALLY'S ATLANTIC CITY, LLC, CAESARS ENTERTAINMENT, INC., JOHN DOE 1-5 (fictitious defendants), XYZ PARTNERSHIPS 1-5, XYZ LLCs 1-5, and XYZ CORPORATIONS 1-5 (fictitious corporate defendants),<br><br>                                   Defendant. | SUPERIOR COURT OF NEW JERSEY<br>ATLANTIC COUNTY<br>LAW DIVISION<br><br>DOCKET NO.: ATL-L-000008-21<br><br>CIVIL ACTION<br><br>**SUMMONS** |

The State of New Jersey, to the Above-Named Defendant:

## BALLY'S ATLANTIC CITY, LLC

C/O United States Corp Company
Princeton South Corporate Ctr, Ste 160
100 Charles Ewing Blvd.
Ewing, NJ 08628

**YOU ARE HEREBY SUMMONED** in a Civil Action in the Superior Court of New Jersey, instituted by the above-named plaintiff(s), and required to serve upon the attorney(s) for the plaintiff(s), whose name and office address appears above, an answer to the annexed complaint within **35** days after the service of the summons and complaint upon you, exclusive of the day of service. If you fail to answer, judgment by default may be rendered against you for the relief demanded in the complaint. You shall promptly file your answer and proof of service thereof with the Clerk of the Superior Court, Atlantic County, at Court House, 1201 Bacharach Blvd., Atlantic City, New Jersey, in accordance with the rules of civil practice and procedure.

If you cannot afford to pay an attorney, call a Legal Services Office. An individual not eligible for free legal assistance may obtain a referral to an attorney by calling a county lawyer referral service. These numbers may be listed in the yellow pages of your phone book. The phone numbers for the county in which this action is pending are: Lawyer Referral Service, 609-345-3444; Legal Services Office, 609-348-4200.

*Michelle M. Smith*
Clerk of Superior Court

Dated: January 7, 2021

Name of Defendant to be Served:

**BALLY'S ATLANTIC CITY, LLC**
C/O United States Corp Company
Princeton South Corporate Ctr, Ste 160
100 Charles Ewing Blvd.
Ewing, NJ 08628

The Wright Law Firm, LLC
928 North Main Street
Manahawkin, NJ 08050
(p) 609.759.2500
(f) 609.479.2777
david@njlegaladvice.com
David T. Wright, Esq., Attorney ID# 900672012
Attorney for Plaintiff

| | |
|---|---|
| *EBONY THAMES,*          : <br>           : <br> *Plaintiff,*    : <br>           : <br> *vs.*         : <br>           : <br> *BALLY'S WILD WILD WEST CASINO,* : <br> *BALLY'S ATLANTIC CITY, LLC,* : <br> *CAESARS ENTERTAINMENT, INC.,* : <br> *JOHN DOE 1-5 (fictitious defendants),* : <br> *ABC PARTNERSHIPS 1-5, ABC LLCs 1-5,* : <br> *and ABC CORP. 1-5 (fictitious corporate* : <br> *defendants),*          : <br>           : <br> *Defendant.*    : | SUPERIOR COURT OF NEW JERSEY <br> ATLANTIC COUNTY <br> LAW DIVISION <br><br> DOCKET NO.: ATL-L-000008-21 <br><br> CIVIL ACTION <br><br> 𝕮𝖔𝖒𝖕𝖑𝖆𝖎𝖓𝖙 |

Plaintiff, by way of Complaint against Defendant says:

## COUNT ONE – PREMISES LIABILITY

1. On April 7, 2019, Plaintiff was a pedestrian/invitee properly and lawfully walking on the real property located at 2100 Pacific Avenue in Atlantic City, New Jersey (hereinafter "the property"), specifically known as Bally's Atlantic City and/or Bally's Wild Wild West Casino.

2. At all times material hereto, Defendants occupied and/or controlled the property.

3. On April 7, 2019, Defendants were responsible for the clearing, repair, maintenance, installation, constructed, design, security, food/beverage service, and control of the property.

4. At all times material hereto, defendants John Does 1-5, ABC Partnerships 1-5, ABC LLCs 1-5, ABC Corporations 1-5 (fictitious-name designations of one or more individuals, partnerships, corporations, and/or other entities whose actual identities have yet to be determined) were employees or agents of defendants or

other individuals whose scope of employment or contractual responsibilities included clearing, repairing, maintaining, serving food/beverage, security services, installing, designing, constructing and/or controlling the property and/or were owners or held ownership interest in the property.

5. At the aforesaid time and place, a dangerous and hazardous condition existed at the property consisting of a low railing or no railing on the roof, allowing patrons they knew or should have known to be intoxicated to access "back of the house" areas, and lack of security services or security barricades/devices to keep people out of dangerous areas like the roof.

6. At the aforesaid time and place, the aforesaid dangerous and hazardous condition caused Plaintiff to fall, sustaining severe and permanent personal injuries, including but not limited to permanent loss of a bodily function and/or permanent disfigurement. The Plaintiff also incurred and will continue to incur significant medical expenses.

7. At the aforesaid time and place, Plaintiff had been walking on the property in a reasonably foreseeable manner and was exercising due care in so doing.

8. At the aforesaid time and place, the property was negligently and carelessly maintained, thereby creating and/or exposing the dangerous and hazardous condition which caused plaintiff to fall and sustain severe personal injuries, and which was a reasonably foreseeable risk of the dangerous and hazardous condition of the property.

9. At the aforesaid time and place, no signs, barriers, warnings or other safety devices had been placed on the property to advise of the dangerous and hazardous condition or to serve as a precaution against injury, which was a reasonably foreseeable risk of said dangerous and hazardous condition of the property and which caused plaintiff to fall and sustain severe and permanent personal injuries.

10. Defendants had actual and/or constructive notice of the dangerous and hazardous condition of property at the aforesaid time and place, knew or should have known that such a dangerous and hazardous condition created a reasonably foreseeable risk of injury to individuals such as the plaintiff, and had sufficient time to have taken measures to protect against plaintiff's injury.

11. Defendants were under a duty to take reasonable actions to guard the Plaintiff against the aforesaid dangerous and hazardous condition of property, but failed and neglected to act in a reasonable and appropriate manner.

12. The conduct of defendants was negligent, in that they failed to properly inspect, maintain, repair and/or warn of a known dangerous and hazardous condition of property under their control, and was in other ways careless and negligent in the maintenance and control of the aforesaid property.

13. The failure of defendant to properly maintain the property, or to repair and/or warn of the aforesaid hazardous condition of property, created a dangerous condition, which caused plaintiff to suffer severe and permanent injuries.

14. Defendants John Does 1-5, ABC Partnerships 1-5, ABC LLCs 1-5, ABC Corporations 1-5 individually and as employees or agents of defendants, or some or any one of them, were careless and negligent in that their acts and/or omissions created a dangerous and hazardous condition of property; allowed the property to be maintained in an unsafe condition; failed to provide proper warnings and/or safeguards to prevent injury; failed to use reasonable care in carrying out their duties to remediate such a dangerous and hazardous condition as existed; and were otherwise negligent.

15. As a direct and proximate result of the acts, omissions, negligence, and carelessness conduct of defendants and John Does 1-5, ABC Partnerships 1-5, ABC LLCs 1-5, ABC Corporations 1-5, or some or any one of them, Plaintiff was and will in the future be caused to suffer severe and permanent personal injuries requiring medical treatment; was and will in the future be caused the permanent loss of use of a bodily function and/or permanent disfigurement; was and will in the future be caused to endure great pain and suffering, both physical and mental in nature; was and in the future will be caused to suffer physical disability; was and will in the future be incapacitated from pursuing his usual activities, duties, employment and responsibilities; and was and will in the future be made to suffer lost wages, earnings and other pecuniary loss.

*WHEREFORE*, plaintiff demands judgment against defendants jointly, severally and/or in the alternative, for such damages as may be permitted pursuant to the laws of

the State of New Jersey, together with interest thereon, costs of suit, attorneys fees and such other relief as this Court shall deem equitable and just.

## COUNT TWO – NEGLIGENCE

16. Plaintiffs repeat and reallege each and every averment and allegation set forth in the foregoing sections of this Complaint as though set forth at length herein.

17. Defendants had a duty to ensure the safety of patrons of its establishment.

18. Defendants breached this duty by failing to adhere to security and safety standards throughout the property.

19. As a direct and proximate cause of Defendants' breach, Plaintiff has suffered serious and permanent injuries.

*WHEREFORE*, Plaintiff demands judgment against Defendants for damages, including punitive damages, pre and post judgment interest, and such other and further relief to which he may be entitled.

## COUNTY THREE – DRAM SHOP LIABILITY

20. Plaintiffs repeat and reallege each and every averment and allegation set forth in the foregoing sections of this Complaint as though set forth at length herein.

21. Defendants (real and/or fictitious) had a duty not to serve alcoholic beverages to a visibly intoxicated person and/or a minor.

22. Defendants (real and/or fictitious) breached this duty and negligently served alcoholic beverages to Plaintiff whom Defendants knew or reasonably should have known was visibly intoxicated.

23. The negligent service of alcoholic beverages to Plaintiff is the direct and proximate cause of Plaintiff's injuries.

24. The injuries suffered by Plaintiff were a foreseeable consequence of the negligent service of alcoholic beverages to Plaintiff.

*WHEREFORE*, Plaintiff demands judgment against Defendants for damages, including punitive damages, pre and post judgment interest, and such other and further relief to which he may be entitled.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to the provisions of R. 4:25-4, the court is advised that DAVID T. WRIGHT, ESQ. is hereby designated as trial counsel.

## JURY DEMAND

Take notice that Plaintiffs demand a trial by jury on all issues in the within civil action.

## CERTIFICATION

I CERTIFY that the matter in controversy is not the subject of any other action or arbitration proceeding, now or contemplated, and that no other parties should be joined in this action. R. 4:5-1.

*/s/David T. Wright, Esq.*

David T. Wright, Esq.
Attorney for Plaintiff
Dated: January 4, 2021

## DEMAND FOR PRODUCTION OF DOCUMENTS

**PLEASE TAKE NOTICE** that pursuant to R.4:18-1, Plaintiff demands the production for purposes of inspection and copying at the offices of The Wright Law Firm, LLC, 928 North Main Street, Manahawkin, New Jersey, 08050, within 45 days after service of the within pleadings, of the following items pertaining to the allegations of this Complaint.

1. A copy of any accident report, incident report or other documentation prepared by any agents, servants or employees of the defendants contemporaneously with the accident which is the subject matter of this complaint or any prior or subsequent accidents that occurred on the premises that is the subject of this suit.

2. A copy of the deed, lease agreement and any other contract relating to the occupancy of the premises.

3. All insurance agreements and policies maintained by defendants effective on the date of the plaintiff's injury as alleged in the complaint in accordance with Rule 4:10-2(b).

4. Copies of any and all photographs, surveys, sketches, diagrams, blueprints or any other documentary evidence concerning the layout of the premises at issue in this case as it appeared on the date of plaintiff's injury as alleged in the complaint.

5. Copies of any and all statements of any party to this lawsuit, or their agents, servants and employees.

6. Copies of any statements by eyewitnesses to the accident.

7. Copies of any and all expert reports on the issue of liability or damages.

8. The names, addresses and current telephone numbers of all guests, agents, servants and employee of the defendants who were present at or near the premises at the time of the accident.

9. Copies of any and all photographs, videotapes, recordings, or any other documentary evidence of the plaintiff and plaintiff's accident whenever recorded since the date of the injury as set forth in the complaint, including, but not limited to, security videotapes of the premises depicting the actual incident.

10. Any and all documents relating to any inspection or investigation performed at the premises.

11. Any and all safety manuals, posters, educational material (including videos and outlines).

12. Any and all logs of cleaning and inspection activity for the location in question on the date of Plaintiff's accident.

### DEMAND FOR ENTRY UPON PREMISES FOR INSPECTION

**PLEASE TAKE NOTICE** that Plaintiff demands an opportunity to enter upon the premises of the defendants as set forth in the complaint to inspect, photograph, and otherwise examine the premises, and other things relevant to this litigation, in accordance with R.4:18-1.

### DEMAND FOR ANSWERS TO FORM C AND C2 UNIFORM INTERROGATIES AND SUPPLEMENTAL INTERROGATORIES

**PLEASE TAKE NOTICE** that pursuant to R:4:17-1(b)(ii) Plaintiff(s) demands certified answers to Form C. and C(2) of the Uniform Interrogatories set forth in Appendix to the Rules Governing Civil Practice and the following supplemental interrogatories:

1. State the date you first owned or occupied the premises.

2. Enumerate specifically all of the things you contend the party serving these interrogatories did that not should not have been done.

3. Enumerate specifically all of the things you contend the party serving theses interrogatories did not do which should have been done.

4. If this defendant contends in any way that the injuries claimed by Plaintiff to have been caused by this incident were in fact not caused or in any way related to this incident, state fully and in detail each and every fact upon which defendant will rely in support of said contention. Annex hereto copies of any and all medical records or other documents which defendant will rely in support of said contention.

5. If defendant contends that Plaintiff sustained physical injuries at any time prior or subsequent to the subject accident, please state the date and nature of said injuries.

6. State whether there have been any other complaints about the condition of the premises within the last ten (10) years.

7. State the date the room in which plaintiff fell was initially constructed.

8. State each date that any renovation, installation, repair or other work was performed and describe the nature, scope, extent and cost of said work.

9. Provide the name and address of any person who claims to have fallen in the room in which plaintiff was injured.

### DEMAND FOR INSURANCE INFORMATION

**PLEASE TAKE NOTICE** that pursuant to R4:10-2(b), Plaintiff hereby demands production of a copy of any and all insurance agreements under which the defendants may be covered to satisfy part or all of a judgment which may be entered in the action or to indemnity or reimburse for payments made to satisfy the judgment.

*/s/David T. Wright, Esq.*

David T. Wright, Esq.
Attorney for Plaintiff
Dated: January 4, 2021

EXHIBIT "B"

# REILLY, McDEVITT & HENRICH, P.C.

ATTORNEYS AT LAW
SUITE 310
3 EXECUTIVE CAMPUS
CHERRY HILL, NJ 08002
————
(856) 317-7180
FAX: (856) 317-7188
www.rmh-law.com

**PHILADELPHIA OFFICE**
WIDENER BUILDING
SUITE 410
ONE SOUTH PENN SQUARE
PHILADELPHIA, PA  19107
(215) 972-5200
FAX: (215) 972-0405

**DELAWARE OFFICE**
1013 CENTRE ROAD
SUITE 210
WILMINGTON, DE  19805
(302) 777-1700
FAX:  (302) 777-1705

Christine J. Viggiano
Member of the NJ and PA Bar
cviggiano@rmh-law.com

February 2, 2021

***<u>VIA ELECTRONIC & US MAIL</u>***
David T. Wright, Esquire
The Wright Law Firm, LLC
928 N. Main Street
Manahawkin, NJ 08050
david@njlegaladvice.com

     **RE:**  **Ebony Thames v. Bally's Wild Wild West Casino, et al.**
         **Docket No. ATL-L-000008-21**

Dear Mr. Wright:

   Reference is made to the above captioned matters. As you know, our firm represents Bally's Atlantic City. Pursuant to New Jersey Court Rule 4:5-2, please provide a written statement of the amount of damages claimed, within the statutory five-day period.

   Should you have any questions or comments, please do not hesitate to contact the undersigned.

       Very truly yours,

       **REILLY, MCDEVITT & HENRICH, P.C.**

       By: <u>/s/  Christine J. Viggiano</u>
          Christine J. Viggiano

EXHIBIT "C"

| From: | David Wright |
|---|---|
| To: | Whitney H. Horton |
| Cc: | Christine J. Viggiano |
| Subject: | Re: Ebony Thames v. Bally's Wild Wild West Casino, et al./ Docket No. ATL-L-000008-21/ Plaintiff counsel ltr statement of damages |
| Date: | Tuesday, February 2, 2021 3:09:32 PM |

Our claim for damages is unliquidated and cannot be articulated as a dollar value at this time. We can confirm, however, that because of the severity of our client's injuries the amount in controversy significantly exceeds $75,000.00.

If you require a more formal statement of damages please advise.

Dave Wright

On Tue, Feb 2, 2021 at 10:09 AM Whitney H. Horton <whorton@rmh-law.com> wrote:

> Please see attached.
>
>
>
>
> Thank you,
>
>
> Whitney R. Horton-Babilonia
>
> Legal Assistant
>
> Reilly, McDevitt & Henrich, P.C.
>
> 3 Executive Campus, Suite 310
>
> Cherry Hill, NJ 08002
>
> (856) 317-7180 (Phone)
>
> (856) 317-7188 (Fax)
>
> e-mail:  whorton@rmh-law.com
>
>
>
> **<span style="color:red">Confidentiality Notice:</span>**
> This e-mail transmission and any documents, files or previous e-mail messages attached to it, are confidential and are protected by the attorney-client privilege and/or work product doctrine. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any review, disclosure, copying, dissemination, distribution or use of any of the

information contained in, or attached to this e-mail transmission is STRICTLY PROHIBITED. If you
have received this transmission in error, please immediately notify me by forwarding this e-mail to
*whorton@rjm-law.com* or by telephone at *(856) 317-7180* and then delete the message and
its attachments from your computer.

--
Regards,

David T. Wright, Esq.
Attorney ID 900672012
The Wright Law Firm
928 N. Main Street
Manahawkin, New Jersey 08050
P: (609) 759-2500
F: (609) 479-2777
Personal Injury - Workers' Comp - Consumer Rights
http://www.njlegaladvice.com
http://www.facebook.com/njlegaladvice

IF YOU HAVE RECEIVED THIS EMAIL IN ERROR -- PLEASE DELETE THE BODY OF THE EMAIL AND ALL
ATTACHMENTS.  This email contains information which is confidential and/or legally privileged.  The information is
intended only for the use of the individual or entity named herein.  If you are not the intended recipient, or an agent of the
recipient, you are hereby notified that you have received this document in error and any disclosure, copying, distribution, or
the taking of any action in reliance on the contents of the telecopied information is strictly prohibited.   In addition, if you
have this communication in error, please notify us immediately by telephone so that we can make the appropriate corrections
at our Offices.  Thank you for your courtesies.

EXHIBIT "D"

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| EBONY THAMES, | SUPERIOR COURT OF NEW JERSEY |
|                **PLAINTIFF,** | LAW DIVISION – ATLANTIC |
| | COUNTY |
| **V.** | |
| | **DOCKET NO.  ATL-L-000008-21** |
| **BALLY'S WILD WILD WEST CASINO,** | |
| **BALLY'S ATLANTIC CITY, LLC,** | |
| **CAESARS ENTERTAINMENT, INC., JOHN** | |
| **DOE 1-5 (fictitious defendants), XYZ** | |
| **PARTNERSHIPS 1-5, XYZ LLCs 1-5, and** | |
| **XYZ CORPORATIONS 1-5 (fictitious** | |
| **corporate defendants),** | |
| | |
|             **DEFENDANTS.** | |

<u>**PRAECIPE TO FILE NOTICE OF REMOVAL**</u>

     **TO:**

| | |
|---|---|
| David T. Wright, Esquire | Clerk |
| The Wright Law Firm, LLC | Atlantic County Superior Court |
| 928 N. Main Street | 1201 Bacharach Blvd |
| Manahawkin, NJ 08050 | Atlantic City, NJ 08401 |

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. Sect. 1446, Bally's Park Place LLC

and Caesars Entertainment, Inc., Defendants in the above captioned matter, has on February 3,

2021, filed its Notice of Removal, a copy of which is attached hereto, in the office of the Clerk,

United States District Court for the District of New Jersey, Mitchell H. Cohen Building & U.S.

Courthouse 4th & Cooper Streets, Room 1050, Camden, NJ 08101.

               Respectfully submitted,

               **REILLY, MCDEVITT & HENRICH, P.C.**

               By: __ /s/ *Tracey McDevitt Hagan*

                   Tracey McDevitt Hagan
                   Attorneys for Defendants,
                   Bally's Park Place LLC and
Dated:  2/4/2021               Caesars Entertainment, Inc.

EXHIBIT "E"

The Wright Law Firm, LLC
928 North Main Street
Manahawkin, NJ 08050
(p) 609.759.2500
(f) 609.479.2777
david@njlegaladvice.com
David T. Wright, Esq., Attorney ID# 900672012
Attorney for Plaintiff

| | |
|---|---|
| *EBONY THAMES,* : | SUPERIOR COURT OF NEW JERSEY |
| : | ATLANTIC COUNTY |
| *Plaintiff,* : | LAW DIVISION |
| : | |
| *vs.* : | |
| : | DOCKET NO.: ATL-L-_____ |
| *BALLY'S WILD WILD WEST CASINO,* : | |
| *BALLY'S ATLANTIC CITY, LLC,* : | |
| *CAESARS ENTERTAINMENT, INC.,* : | CIVIL ACTION |
| *JOHN DOE 1-5 (fictitious defendants),* : | |
| *ABC PARTNERSHIPS 1-5, ABC LLCs 1-5,* : | 𝕮𝖔𝖒𝖕𝖑𝖆𝖎𝖓𝖙 |
| *and ABC CORP. 1-5 (fictitious corporate* : | |
| *defendants),* : | |
| : | |
| *Defendant.* : | |

Plaintiff, by way of Complaint against Defendant says:

**COUNT ONE – PREMISES LIABILITY**

1. On April 7, 2019, Plaintiff was a pedestrian/invitee properly and lawfully walking on the real property located at 2100 Pacific Avenue in Atlantic City, New Jersey (hereinafter "the property"), specifically known as Bally's Atlantic City and/or Bally's Wild Wild West Casino.

2. At all times material hereto, Defendants occupied and/or controlled the property.

3. On April 7, 2019, Defendants were responsible for the clearing, repair, maintenance, installation, constructed, design, security, food/beverage service, and control of the property.

4. At all times material hereto, defendants John Does 1-5, ABC Partnerships 1-5, ABC LLCs 1-5, ABC Corporations 1-5 (fictitious-name designations of one or more individuals, partnerships, corporations, and/or other entities whose actual identities have yet to be determined) were employees or agents of defendants or

other individuals whose scope of employment or contractual responsibilities included clearing, repairing, maintaining, serving food/beverage, security services, installing, designing, constructing and/or controlling the property and/or were owners or held ownership interest in the property.

5. At the aforesaid time and place, a dangerous and hazardous condition existed at the property consisting of a low railing or no railing on the roof, allowing patrons they knew or should have known to be intoxicated to access "back of the house" areas, and lack of security services or security barricades/devices to keep people out of dangerous areas like the roof.

6. At the aforesaid time and place, the aforesaid dangerous and hazardous condition caused Plaintiff to fall, sustaining severe and permanent personal injuries, including but not limited to permanent loss of a bodily function and/or permanent disfigurement. The Plaintiff also incurred and will continue to incur significant medical expenses.

7. At the aforesaid time and place, Plaintiff had been walking on the property in a reasonably foreseeable manner and was exercising due care in so doing.

8. At the aforesaid time and place, the property was negligently and carelessly maintained, thereby creating and/or exposing the dangerous and hazardous condition which caused plaintiff to fall and sustain severe personal injuries, and which was a reasonably foreseeable risk of the dangerous and hazardous condition of the property.

9. At the aforesaid time and place, no signs, barriers, warnings or other safety devices had been placed on the property to advise of the dangerous and hazardous condition or to serve as a precaution against injury, which was a reasonably foreseeable risk of said dangerous and hazardous condition of the property and which caused plaintiff to fall and sustain severe and permanent personal injuries.

10. Defendants had actual and/or constructive notice of the dangerous and hazardous condition of property at the aforesaid time and place, knew or should have known that such a dangerous and hazardous condition created a reasonably foreseeable risk of injury to individuals such as the plaintiff, and had sufficient time to have taken measures to protect against plaintiff's injury.

11. Defendants were under a duty to take reasonable actions to guard the Plaintiff against the aforesaid dangerous and hazardous condition of property, but failed and neglected to act in a reasonable and appropriate manner.

12. The conduct of defendants was negligent, in that they failed to properly inspect, maintain, repair and/or warn of a known dangerous and hazardous condition of property under their control, and was in other ways careless and negligent in the maintenance and control of the aforesaid property.

13. The failure of defendant to properly maintain the property, or to repair and/or warn of the aforesaid hazardous condition of property, created a dangerous condition, which caused plaintiff to suffer severe and permanent injuries.

14. Defendants John Does 1-5, ABC Partnerships 1-5, ABC LLCs 1-5, ABC Corporations 1-5 individually and as employees or agents of defendants, or some or any one of them, were careless and negligent in that their acts and/or omissions created a dangerous and hazardous condition of property; allowed the property to be maintained in an unsafe condition; failed to provide proper warnings and/or safeguards to prevent injury; failed to use reasonable care in carrying out their duties to remediate such a dangerous and hazardous condition as existed; and were otherwise negligent.

15. As a direct and proximate result of the acts, omissions, negligence, and carelessness conduct of defendants and John Does 1-5, ABC Partnerships 1-5, ABC LLCs 1-5, ABC Corporations 1-5, or some or any one of them, Plaintiff was and will in the future be caused to suffer severe and permanent personal injuries requiring medical treatment; was and will in the future be caused the permanent loss of use of a bodily function and/or permanent disfigurement; was and will in the future be caused to endure great pain and suffering, both physical and mental in nature; was and in the future will be caused to suffer physical disability; was and will in the future be incapacitated from pursuing his usual activities, duties, employment and responsibilities; and was and will in the future be made to suffer lost wages, earnings and other pecuniary loss.

   **WHEREFORE**, plaintiff demands judgment against defendants jointly, severally and/or in the alternative, for such damages as may be permitted pursuant to the laws of

the State of New Jersey, together with interest thereon, costs of suit, attorneys fees and such other relief as this Court shall deem equitable and just.

## COUNT TWO – NEGLIGENCE

16. Plaintiffs repeat and reallege each and every averment and allegation set forth in the foregoing sections of this Complaint as though set forth at length herein.

17. Defendants had a duty to ensure the safety of patrons of its establishment.

18. Defendants breached this duty by failing to adhere to security and safety standards throughout the property.

19. As a direct and proximate cause of Defendants' breach, Plaintiff has suffered serious and permanent injuries.

*WHEREFORE*, Plaintiff demands judgment against Defendants for damages, including punitive damages, pre and post judgment interest, and such other and further relief to which he may be entitled.

## COUNTY THREE – DRAM SHOP LIABILITY

20. Plaintiffs repeat and reallege each and every averment and allegation set forth in the foregoing sections of this Complaint as though set forth at length herein.

21. Defendants (real and/or fictitious) had a duty not to serve alcoholic beverages to a visibly intoxicated person and/or a minor.

22. Defendants (real and/or fictitious) breached this duty and negligently served alcoholic beverages to Plaintiff whom Defendants knew or reasonably should have known was visibly intoxicated.

23. The negligent service of alcoholic beverages to Plaintiff is the direct and proximate cause of Plaintiff's injuries.

24. The injuries suffered by Plaintiff were a foreseeable consequence of the negligent service of alcoholic beverages to Plaintiff.

*WHEREFORE*, Plaintiff demands judgment against Defendants for damages, including punitive damages, pre and post judgment interest, and such other and further relief to which he may be entitled.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to the provisions of R. 4:25-4, the court is advised that DAVID T. WRIGHT, ESQ. is hereby designated as trial counsel.

## JURY DEMAND

Take notice that Plaintiffs demand a trial by jury on all issues in the within civil action.

## CERTIFICATION

I CERTIFY that the matter in controversy is not the subject of any other action or arbitration proceeding, now or contemplated, and that no other parties should be joined in this action. R. 4:5-1.


*/s/David T. Wright, Esq.*
David T. Wright, Esq.
Attorney for Plaintiff
Dated: January 4, 2021

## DEMAND FOR PRODUCTION OF DOCUMENTS

**PLEASE TAKE NOTICE** that pursuant to R.4:18-1, Plaintiff demands the production for purposes of inspection and copying at the offices of The Wright Law Firm, LLC, 928 North Main Street, Manahawkin, New Jersey, 08050, within 45 days after service of the within pleadings, of the following items pertaining to the allegations of this Complaint.

1. A copy of any accident report, incident report or other documentation prepared by any agents, servants or employees of the defendants contemporaneously with the accident which is the subject matter of this complaint or any prior or subsequent accidents that occurred on the premises that is the subject of this suit.

2. A copy of the deed, lease agreement and any other contract relating to the occupancy of the premises.

3. All insurance agreements and policies maintained by defendants effective on the date of the plaintiff's injury as alleged in the complaint in accordance with Rule 4:10-2(b).

4. Copies of any and all photographs, surveys, sketches, diagrams, blueprints or any other documentary evidence concerning the layout of the premises at issue in this case as it appeared on the date of plaintiff's injury as alleged in the complaint.

5. Copies of any and all statements of any party to this lawsuit, or their agents, servants and employees.

6. Copies of any statements by eyewitnesses to the accident.

7. Copies of any and all expert reports on the issue of liability or damages.

8. The names, addresses and current telephone numbers of all guests, agents, servants and employee of the defendants who were present at or near the premises at the time of the accident.

9. Copies of any and all photographs, videotapes, recordings, or any other documentary evidence of the plaintiff and plaintiff's accident whenever recorded since the date of the injury as set forth in the complaint, including, but not limited to, security videotapes of the premises depicting the actual incident.

10. Any and all documents relating to any inspection or investigation performed at the premises.

11. Any and all safety manuals, posters, educational material (including videos and outlines).

12. Any and all logs of cleaning and inspection activity for the location in question on the date of Plaintiff's accident.

### DEMAND FOR ENTRY UPON PREMISES FOR INSPECTION

**PLEASE TAKE NOTICE** that Plaintiff demands an opportunity to enter upon the premises of the defendants as set forth in the complaint to inspect, photograph, and otherwise examine the premises, and other things relevant to this litigation, in accordance with R.4:18-1.

### DEMAND FOR ANSWERS TO FORM C AND C2 UNIFORM INTERROGATIES AND SUPPLEMENTAL INTERROGATORIES

**PLEASE TAKE NOTICE** that pursuant to R.4:17-1(b)(ii) Plaintiff(s) demands certified answers to Form C. and C(2) of the Uniform Interrogatories set forth in Appendix to the Rules Governing Civil Practice and the following supplemental interrogatories:

1. State the date you first owned or occupied the premises.

2. Enumerate specifically all of the things you contend the party serving these interrogatories did that not should not have been done.

3. Enumerate specifically all of the things you contend the party serving theses interrogatories did not do which should have been done.

4. If this defendant contends in any way that the injuries claimed by Plaintiff to have been caused by this incident were in fact not caused or in any way related to this incident, state fully and in detail each and every fact upon which defendant will rely in support of said contention. Annex hereto copies of any and all medical records or other documents which defendant will rely in support of said contention.

5. If defendant contends that Plaintiff sustained physical injuries at any time prior or subsequent to the subject accident, please state the date and nature of said injuries.

6. State whether there have been any other complaints about the condition of the premises within the last ten (10) years.

7. State the date the room in which plaintiff fell was initially constructed.

8. State each date that any renovation, installation, repair or other work was performed and describe the nature, scope, extent and cost of said work.

9. Provide the name and address of any person who claims to have fallen in the room in which plaintiff was injured.

## DEMAND FOR INSURANCE INFORMATION

**PLEASE TAKE NOTICE** that pursuant to R4:10-2(b), Plaintiff hereby demands production of a copy of any and all insurance agreements under which the defendants may be covered to satisfy part or all of a judgment which may be entered in the action or to indemnity or reimburse for payments made to satisfy the judgment.

*/s/David T. Wright, Esq.*

David T. Wright, Esq.
Attorney for Plaintiff
Dated: January 4, 2021

# Civil Case Information Statement

## Case Details: ATLANTIC | Civil Part Docket# L-000008-21

**Case Caption:** THAMES EBONY  VS BALLY'S WILD WILD WE ST CASINO

**Case Initiation Date:** 01/04/2021

**Attorney Name:** DAVID THOMAS WRIGHT

**Firm Name:** THE WRIGHT LAW FIRM

**Address:** 928 N MAIN ST

MANAHAWKIN NJ 08050

**Phone:** 6097592500

**Name of Party:** PLAINTIFF : Thames, Ebony

**Name of Defendant's Primary Insurance Company**

(if known): Unknown

**Case Type:** PERSONAL INJURY

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: Ebony Thames?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO

**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO

**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

| 01/04/2021 | /s/ DAVID THOMAS WRIGHT |
|---|---|
| Dated | Signed |

ATLANTIC COUNTY LAW DIVISION
SUPERIOR COURT OF NEW JERSEY
1201 BACHARACH BLVD
ATLANTIC CITY    NJ 08401

                                    TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (609) 402-0100
COURT HOURS  8:30 AM - 4:30 PM

                    DATE:   JANUARY 04, 2021
                    RE:     THAMES EBONY  VS BALLY'S WILD WILD WE ST CASINO
                    DOCKET: ATL L -000008 21

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

     DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON JAMES P. SAVIO

      IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     002
AT:  (609) 402-0100 EXT 47790.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                    ATTENTION:
                         ATT: DAVID T. WRIGHT
                         THE WRIGHT LAW FIRM
                         928 N MAIN ST
                         MANAHAWKIN       NJ 08050

ECOURTS

EBONY THAMES

**Plaintiff**

vs

BALLY'S WILD WILD WEST CASINO, ET AL

**Defendant**

20210107115037

Received

JAN 19 2021

The Wright
Law Firm

Superior Court Of New Jersey

ATLANTIC Venue

Docket Number: ATL L 8 21

**Person to be served** (Name and Address):
BALLY'S ATLANTIC CITY, LLC
PRICNETON SOUTH CORPORATE CTR, STE 160  100 CHARLES EWING BLVD.
EWING  NJ  08628
**By serving:** UNITED STATES CORP COMPANY

**Attorney:** DAVID T. WRIGHT, ESQ.

**Papers Served:** SUMMONS AND COMPLAINT, CERTIFICATION, DEMANDS, SUPPLEMENTAL INTERROGATORIES

**AFFIDAVIT OF SERVICE**
(For Use by Private Service)

Cost of Service pursuant to R. 4:4-3(c)

$ _____.____

**Service Data:**    [X] Served Successfully        [ ] Not Served

Date/Time:    1/8/2021 2:01 PM            _____

[ ] Delivered a copy to him/her personally

[ ] Left a copy with a competent household member over 14 years of age residing therein (indicate name & relationship at right)

[X] Left a copy with a person authorized to accept service, e.g. managing agent, registered agent, etc. (indicate name & official title at right)

Name of Person Served and relationship/title:

JOHNNIE MYERS

PERSON AUTHORIZED TO ACCEPT SERVICE

**Description of Person Accepting Service:**

SEX:M    AGE:21-35  HEIGHT: 5'9"-6'0"    WEIGHT: 161-200 LBS.    SKIN:BLACK    HAIR:BALD    OTHER:_____

**Unserved:**
[ ] Defendant is unknown at the address furnished by the attorney
[ ] All reasonable inquiries suggest defendant moved to an undetermined address
[ ] No such street in municipality
[ ] Defendant is evading service
[ ] Appears vacant
[ ] No response on:    Date/Time: _____
                      Date/Time: _____
                      Date/Time: _____

Other:

**Served Data:**
Subscribed and Sworn to me this
___ 01 ___ day of ___ Jan ___ , 20 21

Notary Signature: _____

KIMBERLY CROTE
NOTARY Name of Notary NEW JERSEY  Commission Expiration
My Commission Expires Dec. 18, 2023

I, JANE NUNN,
was at the time of service a competent adult, over the age of 18 and not having direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.

M. Jane Nunn        01/11/21
Signature of Process Server    Date

Name of Private Server: JANE NUNN  Address: 2009 Morris Avenue UNION, NJ 07083  Phone: (800) 672-1952

REILLY, MCDEVITT, & HENRICH, P.C.
BY:  DAMIAN S. JACKSON, ESQUIRE
       IDENTIFICATION NO.: 359692020
       CHRISTINE VIGGIANO, ESQUIRE
       IDENTIFICATION NO.: 143402015
3 EXECUTIVE CAMPUS
SUITE 310
CHERRY HILL, NEW JERSEY 08002
(856) 317-7180
ATTORNEY FOR DEFENDANTS, BALLY'S WILD
WILD WEST CASINO, BALLY'S ATLANTIC CITY,
LLC, CAESARS ENTERTAINMENT, INC

| | |
|---|---|
| EBONY THAMES,<br><br>                   **PLAINTIFF,**<br><br>V.<br><br>**BALLY'S WILD WILD WEST CASINO,**<br>**BALLY'S ATLANTIC CITY, LLC,**<br>**CAESARS ENTERTAINMENT, INC., JOHN**<br>**DOE 1-5 (fictitious defendants), XYZ**<br>**PARTNERSHIPS 1-5, XYZ LLCs 1-5, and**<br>**XYZ CORPORATIONS 1-5 (fictitious**<br>**corporate defendants),**<br><br>                   **DEFENDANTS,** | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION – ATLANTIC COUNTY<br><br>DOCKET NO.  ATL-L-000008-21<br><br>Civil Action<br><br>ANSWER OF DEFENDANTS, BALLY'S WILD WILD WEST CASINO, BALLY'S ATLANTIC CITY, LLC, CAESARS ENTERTAINMENT, INC., TO PLAINTIFF'S COMPLAINT WITH SEPARATE DEFENSES AND JURY DEMAND |

Defendants, Bally's Wild Wild West Casino, Bally's Atlantic City, LLC, Caesars

Entertainment, Inc., hereinafter named "Answering Defendant," denies each and every

averment of Plaintiff's Complaint and states more fully as follows:

## FIRST COUNT

1.　　Answering Defendant has insufficient knowledge or information to form a

belief as to the truth of any further allegations contained in this paragraph of the Complaint

and leaves the Plaintiff to his proofs.

2. Answering Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph of the Complaint and leaves the Plaintiff to his proofs.

3. Answering Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph of the Complaint and leaves the Plaintiff to his proofs.

4. Answering Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph of the Complaint and leaves the Plaintiff to his proofs.

5. Denied. The averments of this paragraph constitute conclusions of law to which no response is required under the applicable Rules of Civil Procedure and they are therefore deemed denied.

6. Denied. The averments of this paragraph constitute conclusions of law to which no response is required under the applicable Rules of Civil Procedure and they are therefore deemed denied.

7. Denied. The averments of this paragraph constitute conclusions of law to which no response is required under the applicable Rules of Civil Procedure and they are therefore deemed denied.

8. Denied. The averments of this paragraph constitute conclusions of law to which no response is required under the applicable Rules of Civil Procedure and they are therefore deemed denied.

9. Denied. The averments of this paragraph constitute conclusions of law to which no response is required under the applicable Rules of Civil Procedure and they are

therefore deemed denied.

10.     Denied. The averments of this paragraph constitute conclusions of law to which no response is required under the applicable Rules of Civil Procedure and they are therefore deemed denied.

11.     Denied. The averments of this paragraph constitute conclusions of law to which no response is required under the applicable Rules of Civil Procedure and they are therefore deemed denied.

12.     Denied. The averments of this paragraph constitute conclusions of law to which no response is required under the applicable Rules of Civil Procedure and they are therefore deemed denied.

13.     Denied. The averments of this paragraph constitute conclusions of law to which no response is required under the applicable Rules of Civil Procedure and they are therefore deemed denied.

14.     Denied. The averments of this paragraph constitute conclusions of law to which no response is required under the applicable Rules of Civil Procedure and they are therefore deemed denied.

15.     Denied. The averments of this paragraph constitute conclusions of law to which no response is required under the applicable Rules of Civil Procedure and they are therefore deemed denied.

## SECOND COUNT

16.     Answering Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph of the Complaint and leaves the Plaintiff to his proofs.

17.     Denied. The averments of this paragraph constitute conclusions of law to which no response is required under the applicable Rules of Civil Procedure and they are therefore deemed denied.

18.     Denied. The averments of this paragraph constitute conclusions of law to which no response is required under the applicable Rules of Civil Procedure and they are therefore deemed denied.

19.     Denied. The averments of this paragraph constitute conclusions of law to which no response is required under the applicable Rules of Civil Procedure and they are therefore deemed denied.

## THIRD COUNT

20.     Answering Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph of the Complaint and leaves the Plaintiff to his proofs.

21.     Denied. The averments of this paragraph constitute conclusions of law to which no response is required under the applicable Rules of Civil Procedure and they are therefore deemed denied.

22.     Denied. The averments of this paragraph constitute conclusions of law to which no response is required under the applicable Rules of Civil Procedure and they are therefore deemed denied.

23.     Denied. The averments of this paragraph constitute conclusions of law to which no response is required under the applicable Rules of Civil Procedure and they are therefore deemed denied.

24.     Denied. The averments of this paragraph constitute conclusions of law to

which no response is required under the applicable Rules of Civil Procedure and they are therefore deemed denied.

**WHEREFORE,** Answering Defendant demands judgment against Plaintiff, dismissing the Complaint, together with costs and attorneys' fees.

### SEPARATE DEFENSES

### FIRST SEPARATE DEFENSE

Answering Defendant was not negligent.

### SECOND SEPARATE DEFENSE

Answering Defendant discharged each and every obligation to which they owed the Plaintiff and otherwise the said Defendant owed no duty to the Plaintiff.

### THIRD SEPARATE DEFENSE

The alleged injuries were not the proximate result of the acts or omissions of Answering Defendant.

### FOURTH SEPARATE DEFENSE

Plaintiff is barred from recovery by his negligence and/or contributory negligence at the time described, said negligence being comparatively greater than the negligence of Answering Defendant.

### FIFTH SEPARATE DEFENSE

The negligence of Answering Defendant, if any, was the result of the acts or omissions of someone other than Answering Defendant and not under its control.

### SIXTH SEPARATE DEFENSE

The Complaint fails to state a cause of action upon which relief can be granted.

## SEVENTH SEPARATE DEFENSE

The damages alleged in the Complaint are barred by the doctrine of entire controversy.

## EIGHTH SEPARATE DEFENSE

Plaintiff is barred from recovery by avoidable consequences.

## NINTH SEPARATE DEFENSE

Plaintiff is barred from recovery by the applicable statute of limitations and/or laches.

## TENTH SEPARATE DEFENSE

Answering Defendant is not liable to the Plaintiff due to the fact that the alleged injuries and damages were the result of superseding and/or intervening acts of others over whom Answering Defendant had no control.

## ELEVENTH SEPARATE DEFENSE

Answering Defendant reserves the right to move to dismiss the Complaint due to insufficiency of process.

## TWELFTH SEPARATE DEFENSE

Any injuries or damages suffered by the Plaintiff were the sole result of the negligence of third parties over whom Answering Defendant had neither control nor the duty to control or warn.

## THIRTEENTH SEPARATE DEFENSE

Plaintiff's claims are barred because of improper service of process.

## FOURTEENTH SEPARATE DEFENSE

Plaintiff's claims are barred because this Court lacks jurisdiction over the subject matter of this lawsuit.

## FIFTEENTH SEPARATE DEFENSE

Plaintiff's claims are barred because Answering Defendant did not create and/or maintain any condition which allegedly caused Plaintiff's accident.

## SIXTEENTH SEPARATE DEFENSE

Plaintiff has failed to diligently mitigate her damages and, therefore, is barred from receiving all or part of the relief requested in the Complaint.

## SEVENTEENTH SEPARATE DEFENSE

Answering Defendant owes no duty to Plaintiff.

## EIGHTEENTH SEPARATE DEFENSE

Plaintiff is guilty of comparative negligence of a greater degree than the negligence of Answering Defendant, which is denied.

## NINETEENTH SEPARATE DEFENSE

Plaintiff intentionally exposed herself and/or her property to known hazards with foreknowledge of the probable results thereby barring or limiting Plaintiff's claim.

## TWENTIETH SEPARATE DEFENSE

The doctrines of res judicata and collateral estoppel are applicable to Plaintiff's claims.

## TWENTY-FIRST SEPARATE DEFENSE

Plaintiff's claimed damages are so remote from the alleged tortious act that they should be barred.

### TWENTY-SECOND SEPARATE DEFENSE

Plaintiff's claims require expert testimony.

### TWENTY-THIRD SEPARATE DEFENSE

At all times and places mentioned in the Complaint, Answering Defendant complied with all applicable laws, regulations, codes, ordinances, and standards.

### TWENTY-FOURTH SEPARATE DEFENSE

Plaintiff's damages are so speculative that they are inadmissible and the claim upon which they are based cannot be submitted to a jury.

### TWENTY-FIFTH SEPARATE DEFENSE

Answering Defendant reserves the right to amend their answer and to assert additional answers and/or supplements, alter or change this answer upon revelation of more definite facts during and/or upon the completion of further discovery and investigations.

### TWENTY-SIXTH SEPARATE DEFENSE

Answering Defendant asserts that the plaintiff has filed claims within the Complaint that are frivolous in nature and violate the Frivolous Claim Act at NJSA 2A:15-59.1 and Answering Defendant hereby place plaintiff and counsel for plaintiff upon notice of this allegation and Answering Defendant's intent to seek all of Answering Defendant's legal fees, costs and expenses from plaintiff and counsel from plaintiff at the conclusion of this lawsuit, pursuant to law.

### TWENTY-SEVENTH SEPARATE DEFENSE

The alleged damages sustained by Plaintiff was the proximate result of acts and/or omissions of parties over which Answering Defendant exercised no control.

### TWENTY-EIGHTH SEPARATE DEFENSE

Any damages or injuries which may have been sustained by Plaintiff was the result of an unavoidable accident insofar as the Answering Defendant is concerned.

### TWENTY-NINTH SEPARATE DEFENSE

Negligence, if any, on the part of Answering Defendant was not the proximate cause of any damages or injuries which may have been sustained by Plaintiff.

### DEMAND FOR JURY TRIAL

Answering Defendant demands a trial by jury on all issues involved herein.

### NOTICE PURSUANT TO RULES 1:51(A) AND 4:17-4(C)

Take notice that the undersigned attorney, counsel for Answering Defendant, does hereby demand pursuant to Rules 1:51(a) and 4:17-4(c) that each party herein serve pleadings and interrogatories and receiving answers thereto, serve copies of all such pleadings and answered interrogatories received from any party, including any documents, papers and other materials referred to therein, upon the undersigned attorney and take notice that this is a continuing demand.

### DEMAND FOR FORM INTERROGATORIES

Answering Defendant hereby requests Plaintiff answer all questions in Form-A Uniform Interrogatories found in Appendix II of the rules governing the courts of the State of New Jersey within the time provided in accordance with R. 4:17-4. Answering Defendant further requests that all parties supply copies of any and all answers to interrogatories which are therefore provided to any and all other parties in this action. Please note this is a continuing request.

## DEMAND FOR INSURANCE COVERAGE

Please take notice that the Answering Defendant hereby requests that Plaintiff shall furnish information concerning the existence and contents of any and all insurance agreements under which any insurance company may or shall be liable to satisfy all or part of any judgment which may be entered in this action, or to indemnify, or reimburse for payments made to satisfy the judgment, or for the payment of any medical fees or other reimbursements to any party to this action for injuries and damages alleged to have been sustained herein This information shall include, name and address of insurance company; policy number; effective dates of the policy; policy limits and types of coverage available there under; separate claim number (if applicable); and legible copy of declaration page. This demand is made pursuant to R. 4:10-2 and 4:17-1 et seq.

## DESIGNATION OF TRIAL COUNSEL

Damian S. Jackson, Esquire, is hereby designated as trial counsel on behalf of Answering Defendant at the trial of this action.

## CERTIFICATION PURSUANT TO RULE 4:6

I hereby certify that a copy of this Answer to Plaintiff's Complaint has been served and filed within the time prescribed by Rule 4:6.

## CERTIFICATION PURSUANT TO R. 4:5-1

Following my initial review of this matter, it appears that there are no other actions or arbitrations related to this suit pending or presently contemplated.

I certify that the foregoing statements made by me are true and accurate and I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

REILLY, McDEVITT & HENRICH, P.C.


By: _Christine J. Viggiano_

      Christine J. Viggiano
      Attorneys for Defendant
      Bally's Wild Wild West Casino, Bally's
      Atlantic City, LLC, Caesars Entertainment,
      Inc.


Dated: February 1, 2021

## CERTIFICATION PURSUANT TO R. 4:6

I hereby certify that a copy of this Answer to Plaintiffs' Complaint has been

served and filed within the time prescribed by R. 4:6.

REILLY, MCDEVITT & HENRICH, P.C.

By: *Christine J. Viggiano*
      Christine J. Viggiano
      Attorneys for Defendant
      Bally's Wild Wild West Casino, Bally's
      Atlantic City, LLC, Caesars Entertainment,
      Inc.

Dated: February 1, 2021

# Civil Case Information Statement

## Case Details: ATLANTIC | Civil Part Docket# L-000008-21

**Case Caption:** THAMES EBONY  VS BALLY'S WILD WILD
WE ST CASINO

**Case Initiation Date:** 01/04/2021

**Attorney Name:** CHRISTINE JOAN VIGGIANO

**Firm Name:** REILLY MCDEVITT & HENRICH, PC

**Address:** 3 EXECUTIVE CAMPUS STE 310
CHERRY HILL NJ 08002

**Phone:** 8563177180

**Name of Party:** DEFENDANT : BALLY'S ATLANTIC CITY,
LLC

**Name of Defendant's Primary Insurance Company**
(if known):

**Case Type:** PERSONAL INJURY

**Document Type:** Answer

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same
transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: EBONY  THAMES? NO**

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual
management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
    **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
    **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the
court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

| | |
|---|---|
| 02/01/2021 | /s/ CHRISTINE JOAN VIGGIANO |
| Dated | Signed |



## SUPERIOR COURT OF NEW JERSEY
## COUNTIES OF ATLANTIC AND CAPE MAY
### *VICINAGE 1*

*JOSEPH L. MARCZYK*
*Superior Court of New Jersey*
*Presiding Judge, Civil Division*

*1201 Bacharach Boulevard*
*Atlantic City, N.J. 08401*
*Tel. (609)402-0100, Ext. 47260*

November 1, 2019

RE:    Standing Order Regarding Exchange of Radiographic Studies

Dear Counsel:

In an effort to avoid unnecessary delays in discovery and to reduce the time to disposition in Track II (Auto/PI) cases, Vicinage I (Atlantic/Cape May Counties) will be implementing a new requirement for litigants with respect to the exchange of radiographic studies consistent with R. 4:17-4(f). A copy of the new Standing Order is attached to this letter.

It has been the experience of judges in this Vicinage that many of the delays in Track II cases stem from issues involving the exchange of radiographic studies. Accordingly, I have issued a Standing Order, effective November 1, 2019, requiring plaintiff's counsel to provide HIPAA authorizations for plaintiff's radiographic studies pursuant to R. 4:17-4(f) contemporaneously with plaintiff's answers to interrogatories. In the event plaintiff fails to provide the required HIPAA authorizations, the plaintiff shall, thereafter, be required to obtain copies of the radiographic studies that the plaintiff intends to utilize at trial and produce same to the defendant within twenty (20) days of the defendant's request.

Likewise, when a defendant obtains radiographic studies during the course of litigation that defendant intends to rely upon at the time of trial, defense counsel must notify plaintiff's counsel within ten (10) days of receiving same. This will ensure the timely exchange of radiographic studies so that both experts have the opportunity to review the relevant films in preparation for trial. Because plaintiffs can typically obtain free copies of their own films, defense counsel does not have to obtain copies for plaintiff as this would result in an unnecessary expense to plaintiff.

We anticipate that this procedure will reduce many of the recurring and unnecessary delays seen in many of our cases, while still assuring that all cases are adjudicated on the merits. The Court has discussed this proposal with several members of the bar and by and large the attorneys agree that this order will help move cases toward arbitration, trial and possibly settlement in a more timely manner.

Thank you for attention to this matter.

Very truly yours,

Joseph L. Marczyk, P.J.Cv.

JM/ec
Attachment

## PREPARED BY THE COURT

| | | |
|---|---|---|
| IN RE: EXCHANGE OF RADIOGRAPHIC STUDIES FOR ALL TRACK II CASES IN VICINAGE ONE (ATLANTIC AND CAPE MAY COUNTIES) | : : : : : : : : : : | SUPERIOR COURT OF NEW JERSEY LAW DIVISION ATLANTIC COUNTY AND CAPE MAY COUNTY **STANDING ORDER 2019-1** |

This matter having been opened by the Court after taking judicial notice of unnecessary delays that are routinely encountered by litigants in the exchange of radiographic studies in Track II cases and pursuant to Court's responsibility for the expeditious processing of cases to disposition and for other good cause shown;

**IT IS** on this 1st day of November, 2019, **ORDERED** that:

1. In all Track II Cases in Vicinage I (Atlantic and Cape May Counties), if, pursuant to R. 4:17-4(f), plaintiff fails to provide, contemporaneously with plaintiff's answers to interrogatories, executed HIPAA authorizations for the release of plaintiff's radiographic studies that plaintiff intends to utilize at the time of trial, plaintiff shall, thereafter, upon request from the defendant, be responsible to obtain copies of the radiographic studies and provide said copies to the defendant within twenty (20) days of the request. Defendant shall be required to share equally in the cost of obtaining the films provided the films do not exceed $200.00. In the event the cost exceeds $200.00, plaintiff's attorney must communicate with defense counsel to determine if the defendant wants to share in the cost of the films or obtain same independently.

2. If, during the course of discovery, defendant obtains copies of any radiographic studies that defendant intends to utilize at the time of trial, defendant must notify Plaintiff's counsel within ten (10) days of obtaining the radiographic studies.

JOSEPH L. MARCZYK, P.J.Cv.